UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:15-CR-125 |
| V. ) | |
| ) | (VARLAN / SHIRLEY) |
| FRANK BLAIR TOMB, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendant's Motion to Continue and Compel Discovery [Doc. 13], filed on January 26, 2016. In this motion, the Defendant asks the Court to continue the April 12, 2016 trial date to permit more time for counsel to receive and review of discovery and prepare and litigate necessary pretrial motions. The motion states that initial discovery disclosure is voluminous and that the Government has yet to provide disclosures for additional specific discovery requests, despite agreeing during a December 14, 2015 telephone conference with the Court and defense counsel to disclose these materials. Appended to the motion are three letters (a total of twenty-four pages) from defense counsel to the Assistant United States Attorney, listing specific discovery requests in this case. The Government filed no response to the instant motion.

The parties appeared for a motion hearing on February 24, 2016. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the Government. Attorney Stephen Ross

1

Johnson represented the Defendant, who was also present. AUSA Davidson stated that she did not file a response to the Defendant's motion because she does not oppose the requests contained therein. Mr. Johnson stated, and Ms. Davidson confirmed, that the Government intended to provide the remaining discovery within one week. With regard to one of the Defendant's specific discovery requests, Ms. Davidson stated that no audio recording of a March 3, 2015 interview of the Defendant existed but that there were handwritten notes from this interview. The Court instructed the Government to provide Mr. Johnson with these handwritten notes. Mr. Johnson requested additional time to file pretrial motions, after he completed his review of discovery. He stated that although he does not anticipate filing a motion to suppress evidence in this case, he may file a motion to dismiss the charges. The parties agreed to a new trial date of August 16, 2016.

The Court finds the Defendant's motion [Doc. 13] for a trial continuance and to compel discovery to be unopposed and well taken. The Court finds that the Government agrees to disclose the specific discovery requested in the three letters appended to the motion. To the extent that the Government has not provided any of this discovery, the Government is **ORDERED** to disclose the requested discovery to defense counsel or to inform counsel that the requested discovery does not exist by no later than **March 4, 2016**.

The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Defense counsel seeks additional time to investigate the case, to conduct legal research, to litigate any necessary pretrial motions, and to prepare for trial. In this regard, defense counsel has stated an intention to file at least one dispositive motion. See 18 U.S.C. § 3161(h)(1)(D). The Court set new motion and response deadlines and scheduled a hearing on all pretrial motions

for **April 28, 2016.** Following that hearing, the Court will need time, not to exceed thirty days, to prepare a report and recommendation and/or rulings on the motion(s). 18 U.S.C. § 3161(h)(1)(H). The parties will need time to file and respond to objections to the report and recommendation, and the District Judge will need time to rule upon the motion in light of the report and briefs. 18 U.S.C. § 3161(h)(1)(H). Based upon the representations of the parties, the Court finds that the failure to grant a continuance would deprive defense counsel of the reasonable time necessary to prepare effectively for a trial, despite his use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv). The Court finds that such preparation cannot be accomplished before the April 12 date or in less than six months.

The Defendant's motion [**Doc. 13**] to continue the trial and to compel discovery is **GRANTED,** and the trial is reset to **August 16, 2016**. The Court finds that all the time between the filing of the motion to continue on **January 26, 2016**, and the new trial date of **August 16, 2016**, is fully excludable time under 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). With regard to further scheduling, the Court set a new motion deadline for **April 4, 2016**. Responses to motions are due on or before **April 18, 2016**. The parties are to appear before the undersigned for a motion hearing on **April 28, 2016, at 9:30 a.m.** The deadline for concluding plea negotiations is extended to **July 15, 2016.** This date is also the deadline for providing reciprocal discovery. The Court further instructs the parties that all motions *in limine* must be filed no later than **August 1, 2016**. Special requests for jury instructions shall be submitted to the District Judge no later than **August 5, 2016**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

> (1) The Defendant's Motion to Continue and Compel Discovery [**Doc. 13**] is **GRANTED**;

3

(2) The Government is **ORDERED** to provide all discovery sought in the Defendant's specific discovery requests dated October 29, December 10, and December 11, 2015 [Docs. 13-1 to 13-3] or to inform defense counsel that the requested item does not exist by **March 4, 2016**;

(3) The trial of this matter is reset to commence on **August 16, 2016**, at 9:00 a.m., before the Honorable Thomas A. Varlan, Chief United States District Court Judge;

(4) All time between the filing of the Defendant's motion on **January 26, 2016**, and the new trial date of **August 16, 2016**, is fully excludable time for speedy trial purposes as set forth above;

(5) The deadline for filing pretrial motions is extended to **April 4, 2016**;

(6) Responses to motions are due on or before **April 18, 2016**;

(7) The deadline for concluding plea negotiations is extended to **July 15, 2016**. This date is also the deadline for providing reciprocal discovery;

(8) Motions *in limine* must be filed no later than **August 1, 2016**; and

(9) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **August 5, 2016**.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge